No. 23-55799
# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

## VIVEK SHAH

*Plaintiff-Appellant,*

v.

## BLUEGROUND US, INC,

*Defendants-Appellees.*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
CASE NO.: 2:23-CV-03914-GW-AGR
GEORGE H. WU, DISTRICT JUDGE
MAGISTRATE JUDGE ALICA G. ROSENBERG

_____

## APPELLEE'S ANSWERING BRIEF
_____

Niv V. Davidovich, Esq. (SBN 247328)
R. Michael Segal (SBN 338841)
**DAVIDOVICH STEIN LAW GROUP LLP**
6442 Coldwater Canyon, Suite 209, North Hollywood, CA 91606
Telephone: (818) 661-2420 | Facsimile (818) 301-5131
Niv@DavidovichLaw.com; michael@davidovichlaw.com
Attorneys for Defendant-Appellees
BLUEGRROUND US, INC.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee Blueground US, Inc. states that its parent company, Blueground Holdings Limited is incorporated in the United Kingdom and has not issued shares to the public. Blueground US, Inc. also has no-wholly owned subsidiary that has issued shares to the public.

# TABLE OF CONENTS

**CORPORATE DISCLOSURE STATEMENT**……………………..……ii

**TABLE OF CONTENTS**…………………………………………iii, iv

**TABLE OF AUTHORITIES**……………………………………… v, iv

I.    **JURISDICTIONAL STATEMENT**………………………… 1

II.   **STATEMENT OF ISSUES PRESENTED FOR REVIEW**…1

III.  **SATEMENT OF THE CASE**………………………………… 1

IV.  **STATEMENT OF FACTS AND PROCEDURAL**

     **HISTORY**………………………………………………….. 2

V.    **STANDARD OF REVIEW**……………………………… 6

VI.  **SUMMARY OF ARGUMENT**………………………….…. 7

VII. **LAW AND ARGUMENT**………………………………… 8

    A. <u>**The District Court Did Not Err in Determining**</u>
    <u>**the Amount in Controversy was Less than $75,000**</u>…. 8

        1. <u>Shaw has waived any challenge to the district court's
        ruling other than its conclusion that the amount in
        controversy was less than $75,000</u>………………. …..8

        2. <u>The Court must uphold the lower court's findings of
        fact with respect to the amount in controversy unless
        it finds clear error</u>……………………………………9

3.  The case law demonstrates that the "legal certainty" test does not require rubber stamping Shaw's amount in controversy………………………………………….. 11

**B. Judge Wu's Decision Should Be Affirmed Because the Court had Sufficient Basis to Find No Diversity Of Citizenship**………………………………………… 16

**C. Judge Wu's Decision May also be Affirmed Based on the Court's Deference to a State Court's Interpretation on Cal. Code Regs. Tit. 2, § 12269(a)(5)**…………………..19

**D. Even if the District Court Committed Legal Error, Reversal is Not Warranted as the Error Was Harmless**……………………………………… 19

**VIII. CONCLUSION**…………………………………...…..…..……… 21

**CERTIFICATE OF COMPLIANCE WITH RULE 27**…………… 22

**ADDENDUM**…………………………………………………… 23,24

**CERTIFICATE OF SERVICE**……………………………………..25

# TABLE OF AUTHORITIES

*AMA Multimedia, LLC v. Wanat,*
   970 F.3d 1201, 1207 (9th Cir. 2020)………………………………….. 7

*Amphastar Pharm. Inc. v. Aventis Pharma SA,*
   866 F.3d 696, 703 n.9 (9th Cir. 2017)………………………………10

*Beckwith-Cohen v. VibrantCare Rehabilitation, Inc.,*
   2021 WL 5905956……………………………………………… 11, 12

*Burk v. Med. Sav. Ins. Co.,*
   348 F.Supp.2d 1063 (D. Ariz. 2004)………………………………15

*Freeman Holdings of Arizona, L.L.C. v. Does, 1-50,*
   No. CV-11-01877-PHX-NVW, 2013 WL 210810 (D. Ariz. 2013)…16

*Garcia v. Serv. Emps. Int'l Union,*
   993 F.3d 757, 762 (9th Cir. 2021)………………………………….. 7

*Johnson v. Riverside Healthcare System, LP,*
   534 F3d 1116, 1121 (9th Cir. 2008………………………………… 18

*Kelly v. Fleetwood Enterprises, Inc.,*
   377 F.3d 1034, 1036 (9th Cir. 2004)………………………………13, 14

*Kingman Reef Atoll Investments, LLC v. United States,*
   541 F3d 1189, 1195 (9th Cir. 2008)……………………………… 6

*MacKay v. Pfeil,*
   827 F2d 540, 542, fn.2 (9th Cir. 1987)……………………………. 9

*Miles v. Wesley,*
   801 F.3d 1060, 1063 (9th Cir. 2015)………………………………….. 7

*Pachinger v. MGM Grand Hotel-Las Vegas, Inc,*
   802 F.2d 362 (9th Cir. 1986)………………………………………11

*Parker v. U.S. Bank Tr., N.A. as Tr. For LSF9 Master Participation Tr.,*
 No. 220CV096970, 2020 WL 7479633(C.D. Cal. 2020)*2………  15

*St. Paul Mercury Indem. Co. v. Red Cab Co.,*
 303 U.S. 283, 289 (1938)………………………………………………14

*Tommasetti v. Astrue,*
 533 F.3d 1035, 1038, 1043 (9th Cir. 2008)…………………………  20

*U.S. Bank Tr., N.A. as Tr. For LSF9 Master Participation Tr.,*
 No. 220CV096970, 2020 WL 7479633 (C.D. Cal. 2020) at *3…… 15

*United States v. Kama,*
 394 F3d 1236, 1238 (9th Cir. 2005)…………………………………  8

## OTHER

Cal. Code Regs. Tit. 2, § 12269(a)(5)……………………………… 2, 6, 19

28 U.S.C. § 1332(a)……………………………………………………18

# I.  JURISDICTIONAL STATEMENT

Blueground US, Inc. ("Blueground") agrees with the Jurisdictional Statement set forth by Vivek Shaw ("Shaw"). *See* Appellant's Informal Opening Brief of Shaw at 1.

# II.  STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the district court properly determined that it lacked subject matter jurisdiction over Shaw's action against Blueground.

# III.  STATEMENT OF THE CASE

This is an appeal of an order issued by the District Court for the Central District of California denying Shaw's Motion for a Default Judgment against Blueground. The Honorable Judge Wu dismissed Shaw's case for lack of subject matter jurisdiction, finding that Shaw had failed to satisfy his burden with respect to both diversity of citizenship and the necessary minimum amount in controversy. Shaw argues that the Court's ruling was in error because, according to Shaw, the Court did not apply the "legal certainty" test.

## IV. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff below, Vivek Shaw ("Shaw"), filed a Complaint (the "Complaint") on or around May 24, 2023 in the District Court for the Central District of California, Western Division, against Blueground US, Inc. ("Blueground") seeking damages as well as injunctive and declaratory relief claiming that Blueground violated California Code or Regulations, Tit. 2, § 12269(a)(f). ER 35-40. (The full text of the statute is attached at the end of the brief.) In short, Shaw alleges that Blueground denied him housing for one month in Los Angeles due to his felony conviction. ER 38. Shaw filed his complaint in federal district court based on diversity jurisdiction stating that he is seeking more than $75,000, and that his principal place of residence is Illinois and Blueground's principal place of business is New York. ER 36.

Blueground failed to respond to the Complaint, and Shaw, after obtaining a clerk's default on July 3, 2023, moved the District Court to enter a default judgment against Blueground on July 23, 2023. ER. 32-73. The Motion for Default requested that the District Court enter judgment against Blueground in the amount of $69,995.54 for actual

damages, $139,991.08 for "emotional distress and inconvenience" and $629,959.86 in punitive damages. ER 33.

On August 22, 2023, the Honorable George Wu issued a tentative ruling denying Shaw's Motion for Default Judgment. ER 28-31. The tentative stated that the Court would not entertain the motion due to questions regarding its subject matter jurisdiction and Shaw's ability to satisfy the $75,000 minimum. ER 29. Shaw had applied for, and been denied, an apartment in Los Angeles for a one-month period, and Shaw reported being out-of-pocket $4,748.87 for that month. ER 8 and 30. The Court noted that the remainder of Shaw's alleged pecuniary damages were based on his hopes of taking advantage of Blueground's product that would entitle him to an extra discount on his *second* booking, though Shaw never had a *first booking*. ER 30.

The Court reviewed the evidence Shaw presented to substantiate his damages, a spreadsheet he prepared with the cost of housing in eighteen cities and countries for a twenty-two-month period without any explanation as to the relevance of those rental amounts. ER 30-31. As the Complaint alleged only the denial of a one-month rental in Los Angeles, the Court's tentative ruling indicated skepticism as to how

Shaw had arrived at his $70,000 in "actual damages". ER 31. In short, the Court's tentative did not find his requested relief to be in "good faith." ER 31.

Shaw submitted a "Supplemental Points and Authorities" on August 23, 2023. ER 17-21. In that document, Shaw called himself a "digital nomad", having been domiciled in numerous states, but never Delaware, thus meeting the criteria for diversity jurisdiction. ER 18. He once again claimed that the amount in controversy far exceeds $75,000 because Blueground will have to expend more than $75,000 to comply with the law. ER 19. He also argued that his damages included all the damages that necessarily flowed from being initially denied housing, which would include all the savings he would have obtained on future bookings. ER 19-20.

Though Blueground was not present, it appears from the docket that the Court gave Shaw *another* opportunity to demonstrate his damages, and on August 30, 2023, Shaw filed an additional "Second Memorandum in Support of Motion for Default Judgment." ER 12-16. He once again claimed that although he was only turned down for a one-month rental, Blueground was aware that he would be staying in Los

Angeles for at least 12 months. ER 12-13. In his brief, Shaw responded to the Court's distrustfulness of his mental distress claims (given that after the denial of housing, he was able to travel to 18 different locations) by inviting the Court to hold a hearing on the good faith of his claim. ER 13. He also argued that the $75,000 would be reached "at some point" given that Blueground would have to hire lawyers to comply with the Court's order. ER 15.

On August 30, the District Court issued a Tentative Ruling on Continued Hearing on Plaintiff's Motion, set for hearing on August 31, 2023. ER 6-11. In response to the evidence submitted by Shaw, the Court's tentative concluded that Shaw had not sustained his burden of establishing subject matter jurisdiction. ER 7. <u>The basis of the Court's ruling regarding lack of subject matter jurisdiction was threefold</u>. First, the Court found that due to his self-proclaimed "nomadic lifestyle", <u>Shaw should not be considered a citizen of *any* state for diversity purposes</u>. ER 7-8. Secondly, the Court concluded that <u>he had not advanced a good faith claim for the necessary minimum amount-in-controversy</u>. ER 8-10. Third, the Court decided that <u>California courts are better situated to answer the</u>

question as to whether there is a private right of action under Cal. Code Regs. Tit. 2, § 12269(a)(5). ER 10.

At the hearing on August 31, 2023, the District Court once again "confer[red]" with Plaintiff and took the matter under submission. ER 5. On September 20, 2023, the District Court adopted its Tentative Rulings from August 30, 2023 (19) and August 23, 2023 (13) as its Final Ruling. ER 4.

Shaw filed a Notice of Appeal (ER 3) and an Informal Opening Brief. In the brief, Shaw claims error in that the District Court did not apply the "legal certainty" test when finding that his damages were not less than $75,000. Shaw also argued that if the Court's decision was due to lack of diversity, this was also in error because "diversity was verified under penalty of perjury in a filing prior to the district court's ruling."

## V. STANDARD OF REVIEW

Generally, a district court's findings of fact relevant to subject matter jurisdiction are reviewed under the deferential clearly erroneous standard. *Kingman Reef Atoll Investments, LLC v. United States,* 541 F3d

1189, 1195 (9th Cir. 2008); *AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201, 1207 (9th Cir. 2020), cert. denied, 142 S. Ct. 76 (2021).

However, the question whether there is subject matter jurisdiction is a question of law reviewed de novo. *See Garcia v. Serv. Emps. Int'l Union,* 993 F.3d 757, 762 (9th Cir. 2021). The standard of review for *O'Shea* abstention, declining to engage in auditing future state court proceedings, remains unsettled. *See Miles v. Wesley,* 801 F.3d 1060, 1063 (9th Cir. 2015) (declining to choose between de novo and abuse of discretion standards because "we would affirm under either standard of review").

## VI.   SUMMARY OF ARGUMENT

The District Court did not fail to apply the "legal certainty" test. It simply found that Shaw had not sustained his burden of demonstrating his damages would exceed $75,000. Even were there error, the District Court had alternate legitimate bases upon which to find it lacked subject matter jurisdiction. Thus, any alleged error would have been harmless. Blueground respectfully requests that the Court affirm the ruling below.

# VII.   LAW AND ARGUMENT

## A. The District Court Did Not Err in Determining the Amount in Controversy was Less than $75,000.

### 1.   Shaw has waived any challenge to the district court's ruling other than its conclusion that the amount in controversy was less than $75,000.

Shaw's brief identifies a single issue for purposes of appeal, whether the Court erred in finding that he had not met the jurisdictional minimum. When asked about the issues he is asking the court to review and what he believes the district court did wrong, Shaw responded:

> "The filings show that I am a citizen of the state of California and Defendant is a citizen of the state of Delaware, and that my damages exceed $75,000 as well as the pecuniary effects on Defendant would exceed $75,000.
>
> The district court did not apply the 'legal certainty' test. Instead, it stated that the sums stated were not made in 'good faith' – even though all evidence showed there was good faith.
>
> It is unclear whether the decision was based on my citizenship. If it was, the court erred because diversity was verified under the penalty of perjury in a filing prior to the district court's ruling.
>
> The district court's decision is clearly erroneous, and I respectfully request this Court to reverse and remand."
> Appellant's Informal Opening Brief at p. 4.

Where an appellant's brief attacks only one of several bases of a district court's decision, the appellant is deemed to have *waived* the right to challenge the alternative basis of the decision. *United States v. Kama,*

394 F3d 1236, 1238 (9th Cir. 2005); *MacKay v. Pfeil,* 827 F2d 540, 542, fn.2 (9th Cir. 1987). Here, Shaw has only challenged one basis of the district court's decision, its failure to apply the "legal certainty" test in finding the sums stated were not in "good faith".[1] For this reason, he has waived any other bases upon which to challenge Judge Wu's decision.

2.   <u>The Court must uphold the lower court's findings of fact with respect to the amount in controversy unless it finds clear error.</u>

In determining that the amount in controversy did not satisfy the jurisdictional minimum, Judge Wu reviewed Shaw's Complaint, his Motion for Default and his declaration and evidence offered in support (which included a spreadsheet of rental amounts), his Supplemental Points and Authorities in Support of Motion for Default Judgment, and his Verified Second Memorandum in Support of Motion for Default Judgment. The Court also entertained oral argument from Shaw in

---

[1]   Shaw may claim he is also challenging the court's determination of lack of diversity of citizenship though he states that he is not clear that was even a basis for the decision. If he claims error in that respect, it is that he "verified diversity under penalty of perjury" and for that reason, the court must accept his statements as true. However, Shaw did not raise the diversity issue with the district court. In fact, lack of diversity was not a basis of the Court's original tentative ruling. ER 28-30. Lack of diversity was a basis for its *later* ruling issued *only after* Shaw submitted a further brief calling himself a "digital nomad". ER 7-8.

making its determination. Based upon the facts before it, Judge Wu concluded that Plaintiff did not have a good faith basis to believe the amount in controversy was over $75,000. See ER 48 (Shaw supplied a "housing cost" estimate of what he could have paid otherwise with a Blueground Pass, as well as his monthly rent on a 13 month lease, that he included in the calculation of his damages for denial of a one-month-rental.)

The district court's factual findings on jurisdictional issues are reviewed for clear error. *AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201, 1207 (9th Cir. 2020), cert. denied, 142 S. Ct. 76 (2021); *Amphastar Pharm. Inc. v. Aventis Pharma SA,* 866 F.3d 696, 703 n.9 (9th Cir. 2017). The Court's decision was well reasoned. Shaw had only been denied housing for a one-month period, and at most, his out-of-pocket damages were less than $5,000. ER 8, 30. The Court also took issue with Shaw's requesting $140,000 in emotional distress damages (well over twice his actual damages) and $600,000 in punitive damages when it was not clear that punitive damages are available under the regulation at issue. ER 9, 31. The Court stated that "even giving Plaintiff all the benefit of doubt in the world (and fully-crediting his proposed method of calculation), a nine-

times-actual damage figure for punitive damages would be $42,739.83 if his actual damages are $4,748.87". ER 9.

Given that such factual findings are reviewed for clear error, Blueground respectfully requests that this Court defer to the lower court's findings of fact in this matter as they are not clearly erroneous.

3. <u>The case law demonstrates that the "legal certainty" test does not require rubber stamping Shaw's amount in controversy</u>.

Shaw appears to believe that application of the "legal certainty" test, set forth in *Pachinger v. MGM Grand Hotel-Las Vegas, Inc,* 802 F.2d 362 (9th Cir. 1986), requires that the court rubber stamp his claimed damages without further inquiry, or simply believe that his damages are what he claims because he is claiming them in "good faith". ER 14 (Shaw's arguments in his Verified Second Memorandum in Support of Motion for Default Judgment). That is simply not the standard. The Ninth Circuit case law undoubtedly demonstrates that, while applying the "legal certainty" test, a court may still find that a party has not satisfied the jurisdictional minimum.

In *Beckwith-Cohen v. VibrantCare Rehabilitation, Inc.,* the defendant removed a class-action case filed in state court and the plaintiff

brought a motion to remand, claiming that the defendant had failed to show by a preponderance of the evidence that the requisite $5 million amount in controversy had been met. *Beckwith-Cohen v. VibrantCare Rehabilitation, Inc.,* 2021 WL 5905956. According to the plaintiff, defendant's estimates of the total amount in controversy exceeding $7,400,000 were inflated, unreasonable, and unsupported. *Id.* at *2.

The district court found that the defendant's estimate for unpaid wage claims was unreasonable and that the defendant's violation rates as to part-time and per diem employees were "mere assumptions, seemingly plucked from thin air." *Id.* at *3. As for full time employees, the court "[g]enerously assum[ed]" that "100% of the full-time employees suffered violations", which would result in $663,145.56 as a reasonable estimate for the amount in controversy for the unpaid wage claims. *Id.* The court also reviewed the defendant's estimates for unpaid overtime and unpaid meal and rest break periods, finding that the defendant had failed to support those estimates as well. *Id.* at *3-4. Thus, the court granted the plaintiff's motion to remand the case to state court, finding that at most, the amount in controversy was in the $3 million range, not enough to meet the $5 million minimum. *Id.* at *4.

Here, Shaw's claims are similarly inflated, and the district court was well within its authority, in reviewing the evidence he presented, to decide as much. Judge Wu found that Shaw's actual damages were less than $5,000 for the one month he was denied a rental, and that his emotional distress damages and punitive damages were entirely speculative. The Court also disagreed with Shaw's assumption that he could recover damages equivalent to all the future savings a Blueground Pass might have allowed him. Even if figured generously, including significant figures for emotional distress and punitive damages, as the Court did in its ruling, the Court found that Shaw could not meet the requisite amount in controversy.

In *Kelly v. Fleetwood Enterprises, Inc.,* the Kellys sued a motor home's parent company for personal injury and punitive damages under the Magnuson-Moss Warranty Act arising out of their purchase of a leaky motor home. *Kelly v. Fleetwood Enterprises, Inc.,* 377 F.3d 1034, 1036 (9th Cir. 2004). In their complaint, the Kellys sought approximately $27,000 in attorney's fees, $250,000 for loss of enjoyment of the motor home, and $10 million in punitive damages. *Id.* at 1037. Fleetwood moved to dismiss contending that the damages sought were not recoverable under the

Magnuson-Moss Warranty Act and thus the claim failed to satisfy the $50,000 amount in controversy requirement. *Id.* at 1037. The district court dismissed the claim for lack of subject matter jurisdiction, finding that the claims did not meet the statutory requirement. *Id.*

The Ninth Circuit Court of Appeals stated that it would "look no farther than the pleadings to determine the amount in controversy unless 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).) Finding that the Act did not allow for punitive damages or loss of enjoyment damages, the Court disregarded the amounts pled in the Complaint and determined that the district court was correct in determining that the Kellys' claim failed to meet the amount in controversy requirement. *Id.* at 138-140. The Court remarked that to do otherwise would be to allow litigants to circumvent the amount in controversy requirement by "arbitrarily tacking a substantial sum of punitive damages onto a minimal compensatory damages claim." *Id.* at 1039-40. This is exactly what Shaw has attempted to do here with his prayer for punitive damages in the amount of $600,000.

Similarly, in *Parker v. U.S. Bank Tr., N.A. as Tr. For LSF9 Master Participation Tr.,* the court found that the amount in controversy had not been met after the defendant had removed the case to the district court. The court acknowledged that generally, "the sum claimed by the plaintiff controls if the claim was apparently made in good faith." *Parker v. U.S. Bank Tr., N.A. as Tr. For LSF9 Master Participation Tr.,* No. 220CV096970, 2020 WL 7479633 (C.D. Cal. 2020) at *2. Yet, according to the court:

> "making a claim in 'good faith' means a plaintiff's 'estimations of the amounts recoverable must be realistic' and objective, not based on 'fanciful, pie-in-the-sky, or simply wishful amounts.' (citation omitted) The court has an 'independent obligation to examine its jurisdiction where doubts arise,' and 'would be remiss in its obligations if it accepted every claim of damages at face value.' (citation omitted) Even liberally construing a complaint, as a court must when a plaintiff is proceeding pro se, 'the [c]ourt must still have some allegations from which it may infer a good faith basis for recovery of damages in such an amount. (citations omitted)" *Parker v. U.S. Bank Tr., N.A. as Tr. For LSF9 Master Participation Tr.,* No. 220CV096970, 2020 WL 7479633 (C.D. Cal. 2020) at *3.

Ultimately the court found that plaintiff's bald assertion that the amount in controversy was approximately one million dollars was insufficient to establish the jurisdictional threshold. *Id; see also Burk v. Med. Sav. Ins. Co.,* 348 F.Supp.2d 1063 (D. Ariz. 2004) (party's assertions

that the attorneys' fees are likely to exceed $75,000 and that punitive damages would be awarded in excess of $75,000 was highly speculative); *Freeman Holdings of Arizona, L.L.C. v. Does, 1-50,* No. CV-11-01877-PHX-NVW, 2013 WL 210810 (D. Ariz. 2013) (plaintiff does not have any evidence of actual damages, which presumed damages are meant to approximate and to which punitive damages must be proportional. "To a legal certainty, this cannot reach the amount-in-controversy requirement".)

As the case law clearly demonstrates, the legal certainty test does not mean that the district court simply accepts the plaintiff's estimates of damages at face value. The court must inquire regarding the amount claimed and determine independently whether or not the jurisdictional minimum has been met.

**B.** **Judge Wu's Decision Should Be Affirmed Because the Court had Sufficient Basis to Find No Diversity of Citizenship.**

Shaw's inability to demonstrate that the amount in controversy exceeded $75,000 was not the only basis for the Court's decision. Judge Wu also determined that Shaw failed to establish diversity of citizenship.

In the Complaint, Shaw alleges that he is a citizen of Illinois. ER 36. Then, in his Supplemental Points and Authorities, Shaw explains:

> "[i]t is unclear to Plaintiff if the law requires him to allege his citizenship at the time of the events from which the claim arose, the time he filed his complaint, or the present time." ER 17.

He then provided an exhibit showing the many places he had been temporarily domiciled in the previous year.[2] ER 17. According to Shaw, that he had never resided in Delaware should be sufficient to establish diversity. ER 18. Shaw then refers to himself as a "digital nomad," providing the Wikipedia definition of that term. ER 18.

Later, in his Verified Second Memorandum in Support of Motion for Default Judgment, Shaw asserts that he is a citizen of the State of California. ER 12. So, according to Shaw's own accounts, he is a citizen of Illinois, a citizen of California, and a citizen of the several states and five foreign countries listed in Exhibit B.

Judge Wu's final ruling explains:

> "This Court issued a tentative ruling on the Motion ("Tentative") which indicated that it had questions as to whether Plaintiff had established a basis for diversity jurisdiction…

---

[2] Blueground does not have this Exhibit B.

Following its review of Plaintiff's Supplemental that he prepared in response to the Court's initial commentary on this topic, the Court concludes that he has not sustained his burden of establishing subject matter jurisdiction. As a result, his motion seeking a default judgment will be denied, and the action will be dismissed.

'Some individuals … are not considered to be citizens of any state' for purposes of 28 U.S.C. § 1332(a). (citations omitted) Usually, that involves individuals who are American citizens living/domiciled abroad. This Court concludes that the principle applies here as well, at least under these circumstances. (citations omitted).

Plaintiff, who alleged in his Complaint that he has a 'principal place of residence' in Illinois, *see* Complaint ¶ 2, is now self-described as 'a digital nomad,' providing a citation to a Wikipedia page for a general understanding of the concept. (citation omitted) In essence, he is an itinerant, as an exhibit to his recent motion for default judgment confirms: he purports to have lived in 18 different locations – none of which were in Illinois – since September 2, 2022…" ER 7-8.

As the above-quoted language exhibits, the Court decided that Shaw was not a citizen of *any* state, and for that reason, Shaw had not demonstrated diversity of citizenship.

The Ninth Circuit Court of Appeals has said that if the decision under review is correct on *any ground appearing in the record,* the court of appeals may affirm even if the district court states the wrong rationale or none at all. *Johnson v. Riverside Healthcare System, LP,* 534 F3d 1116, 1121 (9th Cir. 2008). Thus, if this Court believes Judge Wu incorrectly

decided that the minimum amount-in-controversy was not met, Blueground requests that it uphold Judge Wu's decision on the basis of lack of diversity.

### C. Judge Wu's Decision May also be Affirmed Based on the Court's Deference to a State Court's Interpretation on Cal. Code Regs. Tit. 2, § 12269(a)(5)

Beyond the jurisdictional issues, the district court indicated its reluctance to determine whether a private right of action exists under Section 12269(a)(5) or whether punitive damages are available. It suggested that California's courts might be better-situated to answer those questions and that it might be "inappropriate for this Court – rather than a California state court – to opine on whether the regulation in question allows for private enforcement." ER 10, 29. Consequently, Judge Wu dismissed the matter without prejudice to Shaw bringing the action in state court.

### D. Even if the District Court Committed Legal Error, Reversal is Not Warranted as the Error Was Harmless.

If, as Shaw claims, Judge Wu committed legal error in mis-applying the legal certainty test, the Court's decision would have been the same

even had he taken Plaintiff's claimed damages at face value. Judge Wu also found a lack of diversity of citizen and expressed a reluctance to involve himself in the interpretation of a new state regulation. Thus, were there an error, the error is harmless and reversal is not warranted.

The District Court judgment should be affirmed where it is more probable than not that the error was harmless, in other words, where the results would have been the same without error. Here, any error would be harmless because it was inconsequential to the ultimate determination of the claim because the decision rests on alternative basis. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1038, 1043 (9th Cir. 2008) (where appellant claimed Social Security benefits due to an alleged disability, administrative law judge erred in the fourth step of determining nondisability, but the error was harmless: the ALJ's determination at step five – that appellant could perform other work in the same industry – was an alternative basis for the ultimate determination of nondisability and, thus, the error in step four was "inconsequential" to the result).

## VIII.   CONCLUSION

For all the reasons set forth above, Blueground respectfully requests that the Court affirm the decision of the District Court.

DATED this 29th day of January 2024.


Respectfully submitted,

/S/ NIV V. DAVIDOVICH

_____

NIV V. DAVIDOVICH
CHARLIE Z. STEIN
EDMUND J. SHERMAN
JODI C. ROSNER
Attorneys for Defendants-Appellants

## CERTIFICATE OF COMPLIANCE WITH RULE 27

This Motion complies with the type-face and type-style requirement of Federal Rule of Appellate Procedure 27(d)(1)(E). The Motion has been prepared in 14-point Century Schoolbook, which is a proportionally spaced font that includes serifs.

This Motion also complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2) and Ninth Circuit Rule 32-1 because it contains 5567 words.


/S/ NIV V. DAVIDOVICH

_____

NIV V. DAVIDOVICH

# ADDENDUM

2 CCR § 12269

**§ 12269. Specific Practices Related to Criminal History Information.**

Currentness

(a) It is unlawful for a person to:

(1) Seek, consider, use, or take an adverse action based on criminal history information about any arrest that has not resulted in a criminal conviction, or based on information indicating that an individual has been questioned, apprehended, taken into custody or detained, or held for investigation by a law enforcement, police, military, or prosecutorial agency;

(2) Seek, consider, use, or take an adverse action based on information about any referral to or participation in a pre-trial or post-trial diversion program or a deferred entry of judgment program; provided that if this information was provided by an individual for purposes of offering mitigating information, a person may consider and use such information;

(3) Seek, consider, use, or take an adverse action based on information about any infraction, or any criminal conviction that has been sealed, dismissed, vacated, expunged, voided, invalidated, pardoned, or otherwise rendered inoperative by judicial action or by statute (for example, under California Penal Code sections 1203.1 or 1203.4); or for which a certificate of rehabilitation has been granted pursuant to Penal Code section 4852.01 et seq.; provided that if this information was provided by an individual for purposes of offering mitigating information, a person may consider and use such information;

(4) Unless pursuant to an applicable court order, seek, consider, use or take an adverse action based on any adjudication in the juvenile justice system, or information regarding a matter considered in or processed through the juvenile justice system; provided that if this information was provided by an individual for purposes of offering mitigating information, a person may consider and use such information; or

(5) Implement a "blanket ban" or categorical exclusion practice that takes adverse action against all individuals with a criminal record regardless of whether the criminal conviction is directly related to a demonstrable risk to the identified substantial, legitimate, nondiscriminatory interest or purpose. Examples of such prohibited practices include bans against all individuals with a criminal record,

bans against all individuals with prior convictions, bans against all individuals with prior misdemeanors, and bans against all individuals with prior felonies.

(b) While laws regulating investigative consumer reports, such as California Civil Code section 1785.13(a)(6), allow the reporting of certain criminal history information up to seven years from the date of disposition, release or parole, a court may consider shorter look-back periods in its determination of whether there is a feasible alternative practice under subsection 12266. A look-back period limits the inquiry to criminal activity that occurred during a certain amount of time prior to the present. Look-back periods are intended to ensure that the criminal history information considered is relevant to the decision being made.

(c) Persons who obtain investigative consumer reports or criminal history information from third parties are also subject to the requirements of applicable federal and state law regarding such reports, such as the requirement under the Fair Credit Reporting Act to notify an individual if the person takes adverse action based partly or completely on the criminal history information obtained in a consumer report. Such laws include the Fair Credit Reporting Act (15 U.S.C. section 1681 et seq.), and the California Consumer Credit Reporting Agencies Act and the California Investigative Consumer Reporting Agencies Act (Civil Code, Div. 3, Part 4, Titles 1.6, 1.61, and 1.6a).

Cal. Code Regs. tit. 2, § 12269

## CERTIFICATE OF SERVICE

I hereby certified that on January 29, 2024, I electronically filed the foregoing document: APELEE'S ANSWERING BRIEF with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

Service on Case Participants who are registered CM/ECF users will be served by the appellate Cm/ECF system.

Vivek Shah, Pro Per
**newvivekshah@gmail.com**

Service on Case Participants who may **NOT** be registered for Electronic Filing will be served by overnight delivery within 3 calendar days through Federal Express, to the following unregistered case participants:

Vivek Shah, Pro Per
640 S. Curson Ave, #1910
Los Angeles, CA 90036

/S/ NIV V. DAVIDOVICH

_____

NIV V. DAVIDOVICH